# Hudson v. The State.

### *Assault and Battery.*

(Decided June 9, 1914. 65 South. 732.)

1. *Indictment and Information; Degree Charged; Evidence.*— Where the indictment charged assault with intent to kill, if the jury believed beyond a reasonable doubt that defendant committed the assault with such intent, and not in self-defense, it ought not to have found defendant guilty of any less offense; but if they did not believe he was guilty of either of the offenses charged, they had no right to convict him of any offense.

2. *Charge of Court; Invading Province of Jury.*—A charge asserting that under the evidence the jury may or have a right in their discretion to find the defendant guilty of assault and battery with a weapon, is invasive of the province of the jury, who must determine what to believe from the evidence.

3. *Same; Abstract.*—A charge hypothesizing a matter upon which there is no evidence is properly refused as abstract.

[Hudson v. The State.]

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Elbert Hudson was convicted of an assault with intent to murder and he appeals. Affirmed.

T. C. SENSABAUGH, and KNOX, ACKER, DIXON & STERNE, for appellant. Charge 3 should have been given.—*Myers v. State,* 62 Ala. 599; *Orr v. State,* 117 Ala. 72. The court erred in refusing the other two charges requested by defendant.—Sec. 6306, Code 1907, and authorities supra.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority.

THOMAS, J.—The defendant was indicted for and convicted of assault with intent to murder, and the only questions raised by the record relate to the action of the trial court in refusing three written charges requested by him.

The first two are practically indentical and assert:

"That under the evidence in this case, the jury *may* [says one] or *have a right* [says the other] in their discretion to find defendant guilty of assault and battery with a weapon."

If the jury believed from the evidence, beyond a reasonable doubt, that the defendant, in committing the assault, had an intent to murder, and acted not in self-defense, then the jury was without right or discretion to find him guilty of a less offense, and if they did not believe, beyond a reasonable doubt, that he was guilty of either of the offenses embraced in the charge of the indictment, they were without right or discretion to con-

·vict him of any offense. Clearly, for this reason as well as others, the court was not in error in refusing either of the charges, neither of which asserted a correct proposition of law, as seen, and both of which invaded the province of the jury, whose function it is to act, not on what the court may believe as to the evidence, but on what they believe.

The other refused charge is as follows:

"The court charges the jury that if, at the time defendant cut Allen, Allen was advancing on the defendant, and defendant at that time was against the wall or so near the wall that he could not retreat without increasing his danger, and was free from fault in bringing on the difficulty, then you should find defendant not guilty."

Pretermitting the consideration of other defects, it is sufficient to say that the charge was abstract in that there was no evidence that defendant was against the wall or so near it that he could not have retreated without increasing his danger.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.    ·